UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABBVIE INC. and ABBVIE BIOTECHNOLOGY LTD, <br><br> Plaintiff, <br><br> v. <br><br> ALVOTECH HF., <br><br> Defendant. | No. Case No. 1:21-cv-2258 <br> No. Case No. 1:21-cv-2899 <br><br> Hon. Judge John Z. Lee <br><br> Magistrate Judge M. David Weisman |

**APPOINTMENT OF COMMISSIONERS UNDER THE HAGUE CONVENTION AND REQUEST FOR JUDICIAL ASSISTANCE – PERMISSION OF TAKING EVIDENCE BY COMMISSIONERS PURSUANT TO ARTICLE 17 OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO THE CANTONAL COURT OF THE CANTON OF VAUD, JUDICIAL ASSISTANCE DIVISION, FOR THE REQUEST FOR JUDICIAL ASSISTANCE IN CIVIL MATTERS WITH COPY TO THE FEDERAL OFFICE OF JUSTICE (FOJ), CENTRAL AUTHORITY FOR THE REQUEST FOR JUDICIAL ASSISTANCE IN CIVIL AND COMMERCIAL MATTERS**

The United States District Court for the Northern District of Illinois, located at Everett McKinley Dirksen U.S. Courthouse Chamber 2156, 219 South Dearborn Street, Chicago, IL 60604, United States of America, presents its compliments to the Cantonal Court of the Canton of Vaud and the Federal Office of Justice and has the honor of requesting their assistance in obtaining evidence to be used in a civil proceeding now pending before this Court in the above-captioned matter, specifically by permitting commissioners appointed by this Court to take evidence under Article 17 of the Hague Evidence Convention 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("The Hague Convention").

On March 2, 2022, Plaintiffs AbbVie Inc. and AbbVie Biotechnology Ltd (collectively "AbbVie") filed an unopposed motion seeking entry of a Letter of Request appointing certain attorneys as commissioners to take the voluntary testimony by oral examination under oath via

videoconference in Switzerland of Alvotech's witness, Gudrun Bachmann. Neither Defendant Alvotech hf ("Alvotech") nor the witness opposes the requested relief. *See* Mot. at 1.

Per Defendant Alvotech, Gudrun Bachmann may be contacted through the following counsel of Alvotech in this action: Martina Hufnal, Douglas McCann, Michael Kane; themselves through the appointed agent of service according to Paragraph [12] below. It is necessary for the purposes of justice and for the due determination of the matters in question between the parties that Gudrun Bachmann be examined remotely or in person at a location of her choice in Hotel Barcarolle, Route de Promenthoux 8, 1197 Prangins, Switzerland, under oath or affirmation. Given that the deposition would take place either remotely or in person in Hotel Barcarolle, Route de Promenthoux 8, 1197 Prangins, Switzerland, the competent authority for the granting of this request is the Tribunal cantonal Vaud, Division Entraide judiciaire, Palais de justice de l'Hermitage, Route du Signal 8 1014 Lausanne ADM cant VD. As is customary, a copy of the present Letter of Request is sent to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland.

This Court therefore respectfully requests your assistance pursuant to The Hague Convention in obtaining the oral testimony of Gudrun Bachmann under the terms set out in this Letter of Request.

   I.    **SUMMARY OF ACTION**

1. This action is properly under the jurisdiction of and is now pending before the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse Chamber 2156, 219 South Dearborn Street, Chicago, IL 60604, United States of America. The United States District Court for the Northern District of Illinois is fully sanctioned as a court of law and equity and is authorized by Rule

28(b) of the Federal Rules of Civil Procedure to direct the taking of evidence abroad by Letters of Request.

2. The parties to the civil action pending in the United States District Court for the Northern District of Illinois are as follows:

a. The Plaintiffs are ABBVIE INC. and ABBVIE BIOTECHNOLOGY LTD (together, "AbbVie" or "Plaintiff"). AbbVie Inc. is a company organized and existing under the laws of Delaware, having its principal place of business at North Waukegan Road, North Chicago, Illinois, 60064. AbbVie Biotechnology Ltd. is a company organized and existing under the laws Bermuda, having its principal place of business at Clarendon House, 2 Church Street, Hamilton HM1l, Bermuda. Plaintiff is represented by <u>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP</u>, located at 901 New York Ave. NW, Washington, District of Columbia 20001 and 2 Seaport Lane, Boston, Massachusetts 02210, United States of America and <u>Latham & Watkins LLP</u>, located at 555 11th Street NW, Suite 1000, Washington, District of Columbia 20004, 885 3rd Avenue, New York, New York 10022, 330 N Wabash Avenue, Suite 2800, Chicago, Illinois 60611, 505 Montgomery Street, Suite 2000, San Francisco, California 94111, 140 Scott Drive, Menlo Park, California 94025, and 12670 High Bluff Drive, San Diego, California 92130, United States of America. Correspondence to Plaintiff can be faxed to Plaintiff's representatives at +1 (202) 408-4400 or +1 (202) 637-2201, or emailed to the following email addresses:

> sean.berkowitz@lw.com
> brenda.danek@lw.com
> michael.morin@lw.com
> david.frazier@lw.com
> tara.elliott@lw.com
> ashley.fry@lw.com
> benjamin.behrendt@lw.com
> will.orlady@lw.com

       arlene.chow@lw.com
       herman.yue@lw.com
       michael.seringhaus@lw.com
       eneda.hoxha@lw.com
       gabrielle.lahatte@lw.com
       linfong.tzeng@lw.com
       yi.sun@lw.com
       william.raich@finnegan.com
       charles.collins-chase@finnegan.com
       kassandra.officer@finnegan.com
       cecilia.sanabria@finnegan.com
       jennifer.roscetti@finnegan.com
       rachael.dippold@finnegan.com
       yieyie.yang@finnegan.com
       lulu.wang@finnegan.com

   b. The Defendant is ALVOTECH HF. ("Alvotech" or "Defendant"). Defendant is a corporation organized and existing under the laws of Iceland, having a place of business at Sæmundargata 15-19, 101 Reykjavík, Iceland. Defendant is represented by <u>Fish & Richardson P.C.</u>, located at 222 Delaware Avenue, 17th Fl., Wilmington, DE 19801, United States of America and <u>Jenner & Block</u>, located at 353 N. Clark St., Chicago, Illinois 60654, United States of America. Correspondence to Defendant can be faxed to Defendant's representatives at +1 (302) 652-0607 or +1 (650) 839-5071, or emailed to the following email addresses:

       lfogel@jenner.com
       adavis@fr.com
       singer@fr.com
       tyreushufnal@fr.com
       dmccann@fr.com
       esha@fr.com
       biegler@fr.com
       farrell@fr.com
       shmuel@fr.com
       lwzhang@fr.com
       chamberlin@fr.com
       booker@fr.com
       nwilliams@fr.com
       kane@fr.com
       pchen@fr.cm
       denning@fr.com

3. The pending lawsuit is a civil proceeding in which AbbVie has sued Alvotech for infringement of certain AbbVie patents that concern AbbVie's groundbreaking drug, HUMIRA®.

4. In this action, AbbVie alleges that Alvotech is in the business of developing, manufacturing, marketing, and selling biologic drugs, including the proposed biosimilar version of AbbVie's HUMIRA® (adalimumab) product, AVT02. AbbVie alleges that Alvotech has taken steps to enable these drugs to be distributed and sold in the United States. AbbVie further alleges that Alvotech's commercial manufacture, use, sale, offer for sale, and/or importation of the Alvotech aBLA Product (either directly or through any affiliates, subsidiaries, and/or agents), once the aBLA is approved by the FDA, will infringe, actively induce infringement by others, or contribute to the infringement by others of certain claims of the asserted AbbVie patents under at least 35 U.S.C. §§ 271(a)-(c), either literally or under the doctrine of equivalents. In addition, AbbVie alleges that Alvotech's submission of its aBLA to obtain approval to engage in the commercial manufacture, use, sale, offer to sell, and/or importation of the Alvotech aBLA Product prior to the expiration of the asserted AbbVie patents is an act of infringement of certain claims of the asserted AbbVie patents under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents. As this is a case of prohibition to market, Plaintiff has not suffered any damages; however, for purposes of setting the fee of the Swiss authorities to process this present Letter of Request, the Plaintiff estimates that the losses incurred should this product enter the U.S. market amounts to millions, if not hundreds of millions of dollars (USD).

5. Gudrun Bachmann is a former employee of Alvotech. Specifically, Gudrun Bachmann was a former Head of Drug Product Biopharmaceutical Development and former Director, Drug Product Biopharmaceutical Development & Manufacturing at Alvotech. Gudrun Bachmann has been involved with the formulation development and manufacture of AVT02. Gudrun Bachmann is expected to be questioned regarding:

4

- Her educational background;
- Her employment history and job responsibilities;
- Alvotech's research and development and/or any development attempts related to the formulation of AVT02 or any other formulation(s) of adalimumab;
- Tests, analyses, studies, information, evaluations, data, and development reports by or for Alvotech concerning the formulation of AVT02 or any other formulation(s) of adalimumab and its/their properties and ingredients;
- Alvotech's selection of each ingredient and amount of each ingredient in any formulation of adalimumab and the reasons behind such selections;
- Alvotech's consideration of any AbbVie patents in designing any formulation of adalimumab;
- Alvotech's consideration of the formulation of commercial HUMIRA® in designing any formulation of adalimumab;
- Studies or investigations by or for Alvotech concerning an aqueous formulation of adalimumab developed by or manufactured by Alvotech comprising a polyol, a surfactant, and sodium chloride, and not comprising a buffering system;
- Studies or investigations by or for Alvotech concerning the inclusion of sodium chloride in any formulation of adalimumab that does not comprise a buffering system;
- Tests, analyses, studies, information, evaluations, data, and development reports concerning any formulation of adalimumab that does not comprise a buffering system and its/their properties and/or the contribution of sodium chloride to the properties of the formulation(s);

- Alvotech's considerations and decisions related to the inclusion of sodium chloride in the AVT02 formulation that is the subject of Alvotech's aBLA and the timing thereof;

- Studies or investigations by or for Alvotech concerning inclusion of sucrose and/or exclusion of mannitol in any formulation of adalimumab that does not comprise a buffering system;

- Tests, analyses, studies, information, evaluations, data, and development reports comparing formulations of adalimumab containing sucrose to formulations of adalimumab containing mannitol;

- Considerations and decisions related to the inclusion of sucrose in the AVT02 formulation that is the subject of Alvotech's aBLA;

- Considerations and decisions related to the exclusion of mannitol in the AVT02 formulation that is the subject of Alvotech's aBLA;

- Alvotech's process of manufacturing AVT02, including but not limited to: (a) diafiltration steps; (b) the components of the AVT02 composition at each manufacturing stage;

- The stability of the AVT02 formulation that is the subject of Alvotech's aBLA and any other adalimumab formulation prepared by or for Alvotech, including but not limited to comparison of the stability of AVT02 with HUMIRA® and/or with any other adalimumab formulation prepared by or for Alvotech;

- Alvotech's decision to pursue an adalimumab formulation comprising 100 mg/ml adalimumab, including but not limited to: (a) the timing thereof; (b) factors considered by Alvotech; (c) knowledge and consideration of the HUMIRA® formulation comprising 100 mg/ml adalimumab;

- Studies and investigations by or for Alvotech concerning adalimumab formulations comprising 100 mg/ml adalimumab developed by or for Alvotech; including but not limited to: (a) when such studies or investigations occurred; (b) the results; (c) the reasons for each such study or investigation;

- Alvotech's decision to pursue an adalimumab formulation that does not comprise a buffering system, including but not limited to: (a) the timing thereof; (b) factors considered by Alvotech; and (c) knowledge and consideration of the HUMIRA® formulation.

6. Accordingly, AbbVie believes testimony from Gudrun Bachmann is likely to help this Court determine the issues at trial because such evidence is of the type and nature that courts in the United States routinely find relevant to resolving issues of patent infringement. Under United States law, the testimony of witnesses such as Gudrun Bachmann, who has been identified as one of the persons having the most knowledge of the matters described above in Paragraph [7], is deemed relevant to litigation involving patent infringement and to address any defenses of non-infringement and patent invalidity.

**II. EVIDENCE REQUESTED**

7. AbbVie has satisfied this Court that Gudrun Bachmann has material information related to this pending action for use at trial, and that justice cannot be completely done between the parties without her testimony. Alvotech does not object to Gudrun Bachmann being deposed, and Gudrun Bachmann does not object to being deposed, in connection with the pending action (*see* Exhibit 1).

8. AbbVie requested that this Court issue the present Letter of Request seeking your assistance in obtaining testimony from Gudrun Bachmann. The evidence to be obtained is oral testimony to be taken in Switzerland, the country of residence of Gudrun Bachmann, and which

7

testimony will used as evidence in the trial for this matter. Gudrun Bachmann has already been apprised of her rights under Swiss law and has consented to sitting for the deposition in Switzerland by means of video-deposition or in-person deposition.

9. The Court requests assistance in permitting the commissioner appointed by this Court to oversee the following testimony from Gudrun Bachmann, which will be given voluntarily by Gudrun Bachmann:

- Testimony regarding and relating to Gudrun Bachmann's involvement with the formulation development and manufacture of AVT02, as described further in Paragraph [5] above.

10. This Court is satisfied that the testimonial evidence is relevant to the pending proceeding and is likely to be used at trial to assist this Court in resolving the dispute presented in the civil action before it. With the approval of this Court, AbbVie, Alvotech, and this Court therefore seek permission to have commissioners take this testimonial evidence for the purpose of using such evidence during trial. AbbVie has satisfied this Court that Alvotech does not object to paying Gudrun Bachmann's reasonable witness attendance costs.

11. It is requested that the testimonial evidence be given in the English language and on oath or affirmation, at some time agreeable to all involved between March 1, 2022 and March 31, 2022. It is also hereby requested that the testimony be in the form of a recorded deposition via video and/or a secure session using the videoconferencing technology upon questions put to the witness by a Swiss attorney acting as commissioner and/or U.S. counsel of the parties, also acting as commissioners.

12. Per the parties' joint request, the Court approves appointment of Dr. James F. Reardon, J.D., MLL Meyerlustenberger Lachenal Froriep SA, 65 Rue du Rhône, 1211 Genève 3, Switzerland, to serve as the Swiss Commissioner. Dr. Reardon is admitted to practice as an

attorney in Switzerland. In his capacity as Swiss Commissioner, Dr. Reardon will complete and oversee the following tasks only:

- Liaise with the Swiss authorities, including dispatch/submission of the present Letter of Request to the Tribunal cantonal Vaud, Division Entraide judiciaire, Palais de justice de l'Hermitage, Route du Signal 8, 1014 Lausanne ADM cant VD, Switzerland and of a copy of the same to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland;
- Act as an agent of service for any communication of the Cantonal Court of the Canton of Vaud and/or the Federal Office of Justice to this Court and the parties;
- Invite Gudrun Bachmann to the deposition once authorization is granted;
- Supervise the deposition of Gudrun Bachmann from Hotel Barcarolle, Route de Promenthoux 8, 1197 Prangins, Switzerland;
- Instruct the witness on her rights and obligations as per Article 21 of the Hague Convention; and
- Ensure that the deposition is conducted in accordance with those rights and obligations.

13. Mr. Andrea Mondini, TIMES Attorneys, Feldeggstrasse 12, 8024 Zurich, Switzerland, will act as agent of service, to accept service of the authorization by the Swiss authorities on Alvotech's behalf.

14. The U.S. counsel of the parties, which the Court upon request of the parties hereby also appoints as commissioners (the "U.S. Commissioners"), and who will be present for the deposition of Gudrun Bachmann, are the following:

    a. For Plaintiff:

9

  i. Yieyie Yang, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, 901 New York Ave. NW, Washington, DC 20001, United States of America.

  ii. William Raich, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, 901 New York Ave. NW, Washington, DC 20001, United States of America.

  iii. Charles T. Collins-Chase, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, 901 New York Ave. NW, Washington, DC 20001, United States of America.

  iv. Jennifer Roscetti, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, 901 New York Ave. NW, Washington, DC 20001, United States of America.

b. For Defendant:

  i. Martina Hufnal, FISH & RICHARDSON P.C., 222 Delaware Ave, 17th Fl. Wilmington, DE 19801, United States of America.

  ii. Douglas McCann, FISH & RICHARDSON P.C., 222 Delaware Ave, 17th Fl. Wilmington, DE 19801, United States of America.

  iii. Michael Kane, FISH & RICHARDSON P.C., 222 Delaware Ave, 17th Fl. Wilmington, DE 19801, United States of America.

15. In addition to the presence of U.S. counsel and commissioners listed above and of the Swiss Commissioner, it is also requested that client representatives for each party be allowed to be present, and that a videographer should the deposition be taken by videographic means, and a stenographer be present to take and record a verbatim transcript of all testimony and proceedings in the English language, and that the transcript of the testimony be authenticated. When necessary,

persons belonging to the information technology departments of the law firms of U.S. Commissioners may enter the rooms where U.S. Commissioners are attending the deposition. AbbVie has selected a company, Henderson Legal Services, to provide said videographer and stenographer. U.S. Commissioners, the party representatives, the videographer, and the stenographer will attend the deposition either in person or remotely from their offices in the U.S.A. The Swiss Commissioner and Gudrun Bachmann will attend the deposition either in person or remotely by videoconference from his offices in Geneva and Hotel Barcarolle, Route de Promenthoux 8, 1197 Prangins, Switzerland, respectively. When necessary, persons belonging to the IT department of the Swiss Commissioner's law firm may enter the room where the Swiss Commissioner is attending the deposition.

16. As mentioned, it is requested that the commissioners take Gudrun Bachmann's testimony in the English language under oath or affirmation, and that the Swiss Commissioner accordingly be allowed to administer such oath or request for affirmation on Gudrun Bachmann in accordance with United States law, as follows:

> "Do you swear or affirm that the testimony you are about to provide is the truth, the whole truth, and nothing but the truth?"

17. It is also requested that, pursuant to Federal Rule of Civil Procedure 30(e)(1), after giving testimony, Gudrun Bachmann be allowed 30 days after completion of the transcript to review, submit any errata, and sign the transcript of her testimony, and that the signed, transcribed, and videotaped testimony together with any document marked as exhibit be transmitted to the parties' U.S. counsel as soon as possible thereafter.

18. Accordingly, it is hereby requested that you grant assistance and authorize the Swiss and U.S. Commissioners appointed above to question Gudrun Bachmann under oath or affirmation at a deposition between March 21, 2022 and May 31, 2022, or at another time

determined by you, and that a verbatim transcript and videotape – as well as any document marked as exhibit – be prepared and transmitted to the parties' U.S. counsel for submission and use before this Court.

19. It is also requested that you inform the Swiss Commissioner, this Court, and the parties through their above-mentioned U.S. counsel of your approval of this Court's request and all relevant dates and times determined by you for the production of the aforementioned requested testimonial evidence of Gudrun Bachmann. In this respect, this Court and U.S. counsel for AbbVie hereby appoint the Swiss Commissioner, Dr. Reardon, to serve as the agent of service in Switzerland for any communication of the Cantonal Court of the Canton of Vaud and/or the Federal Office of Justice to this Court and the parties. Dr. Reardon's professional address in Switzerland for purpose of your communications is: Dr. James F. Reardon, J.D., MLL Meyerlustenberger Lachenal Froriep SA, 65 Rue du Rhône, 1211 Genève 3, Switzerland. As mentioned in paragraph 13 above, Alvotech appoints Mr. Andrea Mondini, TIMES Attorneys, Feldeggstrasse 12, 8024 Zurich, Switzerland, as agent of service.

20. This Court expresses its appreciation to the Cantonal Court of the Canton of Vaud and the Federal Office of Justice for their courtesy and assistance in this matter and states that this Court shall be ready and willing to assist the courts of Switzerland in a similar manner when required. This Court is also willing to reimburse (through the Plaintiff) the competent judicial authorities of Switzerland for any cost incurred in executing this request for judicial assistance. This Court extends to the competent judicial authorities of Switzerland the assurances of its highest consideration.

21. This Letter of Request is signed and sealed by Order of the Court made on the date set forth below:

Dated: 3/4/22

_____
M. DAVID WEISMAN
United States Magistrate Judge

13